J-S65008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| FELIX ALVAREZ | |
| Appellant | No. 402 EDA 2017 |

Appeal from the PCRA Order January 4, 2017
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0004764-2007

BEFORE:  OLSON, OTT, and MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:  **FILED OCTOBER 13, 2017**

Appellant, Felix Alvarez, appeals from the order entered on January 4, 2017, treating and dismissing his *habeas corpus* petition as an untimely petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We briefly summarize the facts and procedural history of this case as follows.  On June 25, 2006, Appellant participated in a shooting outside an Allentown nightclub.  Bullets struck and killed a woman and a male victim sustained injuries to his chest and foot.  In November 2009, a jury convicted Appellant of third-degree murder, attempted murder, aggravated assault, four counts of recklessly endangering another person (REAP), and criminal

conspiracy.[1]  On December 23, 2009, the trial court sentenced Appellant to an aggregate term of twenty-eight to sixty years of imprisonment.  We affirmed Appellant's judgment of sentence on April 1, 2011.  **See** **Commonwealth v. Alvarez**, 29 A.3d 822 (Pa. Super. 2011) (unpublished memorandum).  Appellant did not seek further review.  As such, Appellant's judgment became final on May 1, 2011, when the time to petition for allowance of appeal to our Supreme Court expired.  **See** 42 Pa.C.S.A. § 9545(b)(3) (judgment of sentence becomes final upon the expiration of the time for seeking further review);  **see also** Pa.R.A.P. 1113(a) ("... a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days of the entry of the order of the Superior Court sought to be reviewed ...").

On February 6, 2012, Appellant filed a *pro se* PCRA petition.  The PCRA court appointed counsel and conducted a hearing, on June 5, 2012, wherein several witnesses testified regarding various issues.  The PCRA court ultimately denied relief.  We affirmed that decision and our Supreme Court denied further review.  **See Commonwealth v. Alvarez**, 91 A.3d 1278 (Pa. Super. 2013) (unpublished memorandum), *appeal denied*, **Commonwealth v. Alvarez**, 93 A.3d 461 (Pa. 2014).

---

[1] 18 Pa.C.S.A. §§ 2502(c), 2502/901, 2702, 2705, and 903, respectively.

On November 20, 2014, Appellant filed a *pro se* application for relief. The trial court treated the filing as a PCRA petition and dismissed it as untimely on December 12, 2014. On July 17, 2015, this Court affirmed the dismissal in an unpublished memorandum. **See Commonwealth v. Alvarez**, 125 A.3d 452 (Pa. Super. 2015) (unpublished memorandum). Our Supreme Court denied further review. **See Commonwealth v. Alvarez**, 129 A.3d 1240 (Pa. 2015).

Instantly, Appellant filed a *pro se* motion for *habeas corpus* relief on December 2, 2016. The trial court determined that the issues raised therein were cognizable claims under the PCRA and subject to the PCRA's jurisdictional time-bar. Thus, on December 6, 2016, the trial court gave Appellant notice of its intent to dismiss the petition without an evidentiary hearing pursuant to Pa.R.Crim.P. 907. Appellant filed a timely response. However, because Appellant did not raise any exceptions to the PCRA's one-year timing requirement, the trial court determined that Appellant's collateral petition was patently untimely. As such, the trial court entered an order dismissing Appellant's PCRA petition on January 4, 2017. This timely appeal resulted.[2]

_____

[2] Appellant filed a *pro se* notice of appeal and corresponding concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On January 26, 2017, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a). Appellant and the Commonwealth filed timely briefs with this Court. Thereafter, Appellant filed a timely response to the Commonwealth's brief.

Appellant presents the following issues, *pro se*, for our review:

A. Whether the Commonwealth failed to acquit on all the charges [on Appellant's] claim of double jeopardy on lesser included offenses o[n the] first criminal information, third[-]degree murder and [the] lesser included offenses. The evidence did not support a conviction.

B. Whether the evidence presented at trial was both legally and factually insufficient to prove that [Appellant] acted with malice as required for a third[-]degree murder conviction, as there was no malice to convict for a first[-]degree murder conviction.

C. Whether there was insufficient evidence to support a first[-]degree murder conviction when [Appellant] was acquitted on the first[-]degree murder and lesser included offenses and conspiracy conviction.

D. Whether the lower court[']s imposition of an aggregate sentence of twenty[-]eight (28) to (60) sixty years [was illegal].

Appellant's Brief at 4.

Before examining the merits of Appellant's claims, we must first determine whether there was jurisdiction to entertain Appellant's petition. This Court has previously determined:

> It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus.* Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus.*
>
> In **Commonwealth v. Fowler**, 930 A.2d 586 (Pa. Super. 2007), [this Court] collected cases and reiterated that all motions filed after a judgment of sentence is final are to be construed as PCRA

petitions. More recently, in **Commonwealth v. Jackson**, 30 A.3d 516 (Pa. Super. 2011), this Court held that a defendant's motion to correct his illegal sentence was properly addressed as a PCRA petition, stating broadly, "any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." **Id.** at 521. [However, t]he common law writ of *habeas corpus* has not been eliminated. In both **Commonwealth v. West**, 938 A.2d 1034 (Pa. 2007) and **Commonwealth v. Judge**, 916 A.2d 511 (Pa. 2007), our Supreme Court held that claims that fall outside the sphere of the PCRA can be advanced via a writ of *habeas corpus*.

**Commonwealth v. Taylor**, 65 A.3d 462, 465–466 (Pa. Super. 2013) (some internal citations omitted; footnote incorporated).

Here, as set forth above, to the extent that Appellant's current challenge to the imposition of his aggregate sentence constituted an illegal sentence, we have determined that the PCRA is the proper means of advancing and reviewing such a claim. **Taylor**, **supra**, *citing* **Jackson**. Sufficiency of the evidence claims are properly asserted on direct appeal, but can also be raised under the PCRA in terms of counsel ineffectiveness. **See Commonwealth v. Natividad**, 938 A.2d 310, 329 (Pa. 2007). Accordingly, we conclude that the trial court properly treated Appellant's current petition under the PCRA.

This Court has recently stated:

A PCRA petition, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final, unless appellant can plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1), and that the petition was filed within 60 days of the date the claim could have been presented. These time limits are jurisdictional in nature, implicating a court's very power to adjudicate a controversy. Accordingly, the period for filing a PCRA petition is not subject to the doctrine of equitable tolling. Instead, the time for filing can

be extended only if the PCRA permits it to be extended, *i.e.*, by operation of one of the statutorily enumerated exceptions to the PCRA time-bar. Our Supreme Court has repeatedly stated it is the petitioner's burden to allege and prove that one of the timeliness exceptions applies.

***Commonwealth v. Smallwood***, 155 A.3d 1054, 1059–1060 (Pa. Super. 2017) (internal citations, quotations, brackets, and footnote omitted). Moreover, "[i]t is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." ***Commonwealth v. Wharton***, 886 A.2d 1120, 1127 (Pa. 2005).

In this case, as previously mentioned, Appellant's judgment of sentence became final on May 1, 2011. Thus, his current petition, filed on December 2, 2016, is patently untimely. Upon review, Appellant did not plead or prove an exception to the PCRA's one-year timing requirement. We note that in his reply to the Commonwealth's appellate brief, Appellant cites two Pennsylvania Supreme Court cases for the first time, ostensibly attempting to invoke an exception to the PCRA's timing requirement. ***See*** Appellant's Reply Brief, at 2-3. However, exceptions to the PCRA cannot be raised for the first time on appeal. ***See Wharton***, 886 A.2d at 1126, *citing* Pa.R.A.P. Rule 302 (stating "issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Hence, Appellant's current petition was untimely and not subject to exception. Accordingly, the trial court properly dismissed Appellant's PCRA petition for lack of jurisdiction.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/13/2017